UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WILLARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et.al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-01074-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REFUND OF FILING FEE<br><br>(ECF No. 21) |

　　　　On December 16, 2019, the instant action filed pursuant to 42 U.S.C. § 1983, was dismissed for failure to prosecute, failure to comply with a court order, and failure to state a cognizable claim for relief, and judgment was entered.  (ECF Nos. 19, 20.)

　　　　On October 5, 2020, Plaintiff filed a motion for a refund of the filing fee.  Plaintiff's motion must be denied.

　　　　"Filing fees are part of the costs of litigation," and prisoner cases are no exception. Slaughter v. Carey, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)). Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914. Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) citing see Green v. Bank of America, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying

1

refund of filing fee after *pro se* plaintiff voluntarily dismissed complaint under Rule 41 (a)). The Prison Litigation Reform Act has no provision for return of fees that are partially paid or for cancellation of the remaining fee. Slaughter, 2007 WL 1865501, at 1 (citing see Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals)). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.' " Goins, 241 F.3d at 261. Thus, the filing fee is owed upon initiation of an action, and the obligation to pay the filing fee is not predicated upon the guarantee of some particular outcome within a particular time frame. Plaintiff filed this action, triggering the obligation to pay a filing fee, and Plaintiff is not due a refund because it did not proceed past screening or as he may have envisioned. Accordingly, Plaintiff's motion for a refund of the filing fee is denied.

IT IS SO ORDERED.

Dated: **October 6, 2020**

UNITED STATES MAGISTRATE JUDGE